_____

NO. 16-1050
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,
Appellee,

vs.

KIRK COTTOM,
Appellant.

_____

APPEAL FROM
THE UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF NEBRASKA

HONORABLE JOSEPH F. BATAILLON

_____

**BRIEF OF APPELLANT**
_____

KIRK COTTOM, Appellant
Joseph Leo Howard, #22743
DORNAN, LUSTGARTEN & TROIA, PC, LLO
1403 Farnam Street, Suite 232
Omaha, NE 68102
(402) 884-7044
JHoward@DLTLawyers.com

1

## SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT

Appellant Kirk Cottom appeals the two issues preserved in the conditional Plea Agreements from the United States District Court for the District of Nebraska cases numbered 8:13CR108 and 8:15CR239. First, Appellant appeals the District Court's refusal to suppress the results of a "Network Investigative Technique" (hereinafter "NIT") warrant search conducted in violation of Federal Rule of Criminal Procedure 41(f)(1)(C) as well as in violation of the Fourth Amendment of the United States Constitution.

Second, Appellant appeals the District Court's denial of his Motion in Limine/*Daubert* Challenge.

Appellant moves this Court to overturn the District Court on each of the two issues in each case, vacate the convictions, and remand the cases for trial. Appellant respectfully submits that an oral argument will provide counsel an additional opportunity to provide zealous representation and advance the arguments presented herein. Appellant respectfully requests 15 minutes of oral argument.

Appellate Case: 16-1050    Page: 2    Date Filed: 03/24/2016 Entry ID: 4381619

# TABLE OF CONTENTS

SUMMARY AND REQUEST FOR ORAL ARGUMENT . . . . . . . . . . . . . . . . . . 2

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .31

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Appellate Case: 16-1050    Page: 3    Date Filed: 03/24/2016 Entry ID: 4381619

# TABLE OF AUTHORITIES

## Cases

Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1983). . . . . . . 7, 28, & 20

Hallmark Cards, Inc. v. Murly, 703 F.3d 456 (8th Cir. 2013). . . . . . . . . . . . . .7 & 27

Kumbo Tire Co., v. Carmichael, 526 U.S. 137 (1999). . . . . . . . . . . . . . . . .28 & 29

Lauzon v. Senco Prods. Inc., 270 F.3d 681 (8th Cir. 2001) . . . . . . . . . . . . . .7 & 29

United States v. Bell, 480 F.3d 860 (8th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . 24

United States v. Bieri, 21 F.3d 811 (8th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . 24

United States v. Brown, 584 F.2d 252 (8th Cir. 1978) . . . . . . . . . . . . . . . . . . . 24

United States v. Burgard, 551 F.2d 190 (8th Cir. 1977) . . . . . . . . . . . . . . . .7 & 25

United States v. Carr, 67 F.3d 171 (8th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . 20

United States v. Comstock, 805 F.2d 1194 (5th Cir. 1986). . . . . . . . . . . . . .7 & 25

United States v. Florez, 368 F.3d 1042 (8th Cir. 2004) . . . . . . . . . . . . . . . . . . .20

United States v. Freeman, 897 F.2d 346 (8th Cir. 1990) . . . . . . . . . . .7, 14, 24, & 25

United States v. Freitas, 610 F. Supp. 1560 (1985). . . . . . . . . . . . . . . . . . . . . 25

United States v. Leon, 468 U.S. 897 (1984) . . . . . . . . . . . . . . . . . . . . . . . 7 & 25

United States v. Schoenheit, 856 F.2d 74 (8th Cir. 1988) . . . . . . . . . . . . . . . . 24

United States v. Schroeder, 129 F.3d 439 (8th Cir. 1997) . . . . . . . . . . . . . . . . 25

United States v. Villegas, 899 F.2d. 1324 (1990). . . . . . . . . . . . . . . . . . . . . . . 25

Appellate Case: 16-1050    Page: 4    Date Filed: 03/24/2016 Entry ID: 4381619

United States v. Welch, 15-1993 (8th Cir. 2016) . . . . . . . . . . . . . . 8, 15, 23, 24 & 29

United States v. Wintermute, 443 F.3d 993 (8th Cir. 2006) . . . . . . . . . . . . . . . . . 29

## **Statutes**

18 U.S.C. § 2252A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11, 16, & 18

18 U.S.C. §3103a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 21, 23, & 24

18 U.S.C. §3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. §1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed R. Evid. 41(f). . . . . . . . . . . . . . . . . . . . 3, 7, 9, 12, 13, 15, 19, 20, 21, 23, & 24

Appellate Case: 16-1050    Page: 5    Date Filed: 03/24/2016 Entry ID: 4381619

# JURISDICTIONAL STATEMENT

1.  Appellant pleaded guilty pursuant to Federal Rule of Criminal Procedure 11(a)(2) in the United States District Court for the District of Nebraska in cases 8:13CR108 and 8:CR15239.  In the conditional plea agreements, Appellant preserved his right to appeal the District Court of Nebraska's adverse final rulings on his 1) Motion to Suppress Evidence Resulting from "Activating" Computer and Application of *Wong Sun* Doctrine and *Daubert* Motion and, 2) Motion in Limine/ *Daubert* Motion.

2.  Appellant hereby exercises his right to right to appeal pursuant to the Federal Rule of Criminal Procedure 11(a)(2) Plea Agreements.

3.  Federal jurisdiction over the subject matter of this case is proper pursuant to 18 U.S.C. §3231.

4.  The United States Court of Appeals for the Eighth Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. §1291, which provides for jurisdiction over a final order subject to appeal.

5.   Appellant was sentenced on December 17, 2015. Appellant filed a timely notice of appeal on December 23, 2015. Appellant proceeds in forma pauperis.

Appellate Case: 16-1050     Page: 6     Date Filed: 03/24/2016 Entry ID: 4381619

## STATEMENT OF THE ISSUES

**I. WHETHER THE GOVERNMENT DELIBERATELY AND INTENTIONALLY DISREGARDED THE PROPER PROCEDURES OF FEDERAL RULE OF CRIMINAL PROCEDURE 41(F) AND THEREBY VIOLATED APPELLANT'S RIGHTS UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

United States v. Burgard, 551 F.2d 190 (8th Cir. 1977)

United States v. Comstock, 805 F.2d 1194, 1210 (5th Cir. 1986)

United States v. Freeman, 897 F.2d 346 (8th Cir. 1990)

United States v. Leon, 468 U.S. 897 (1984)

**II. WHETHER THE NIT IS TRUSTWORTHY AND SATISFIES THE *DAUBERT* STANDARD.**

Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1983)

Hallmark Cards, Inc. v. Murly, 703 F.3d 456 (8th Cir. 2013)

Lauzon v. Senco Prods. Inc., 270 F.3d 681(8th Cir. 2001)

## STATEMENT OF THE CASE

The Court of Appeals is familiar with the general factual scenario of Appellant's case at bar, as the Court recently issued an opinion in United States v.

Appellate Case: 16-1050    Page: 7    Date Filed: 03/24/2016 Entry ID: 4381619

<u>Joshua Welch</u>, Eighth Circuit Court of Appeals, case no. 15-1993. Joshua Welch was a *quasi* co-defendant of the Appellant and the investigation leading to Mr. Welch's arrest and conviction closely mirror the factual basis at bar.

<u>Background</u>

In the year 2012, the FBI began investigating two child pornography web servers in Bellevue, Nebraska. The FBI seized said servers and rather than shutting them down, ran them for about three weeks in November and December 2012. On the servers, the FBI installed a software program which was crafted to communicate with the computers accessing the child pornography sites. The software sent an instructional message to the accessing computers. Once the instruction message reached the accessing computer, the program would secretly install itself on the accessing computer and cause it to send a message to a third computer being run by the FBI. That message included significant pieces of information pertaining to the accessing computer, to include: 1) the Internet Protocol (IP) address of the accessing computer; 2) the accessing computer's operating system type, version and architecture; and 3) the date and time the program determines the IP address, including a unique session identifier. (An IP address is a unique numeric identifier assigned by an Internet Service Provider (ISP).)

The FBI, for lack of a better name, called this computer program the
Network Investigative Technique (NIT). The NIT was needed to identify the
accessing computer because the child pornography servers /sites were only
accessible using a clandestine search engine called The Onion Router (TOR). The
NIT could break older versions TOR. TOR hides the accessing computer's IP
address by routing the computer search through many other IP addresses (other
computers) before reaching its destination, thus making tracking of the original IP
address difficult. A succinct overview of the TOR is included in United States
District Court Judge Joseph Batallion's Memorandum and Order. (Addendum 19-
34).

The NIT was specifically designed to search and seize information from
accessing computers. The FBI teamed with government lawyers who assisted in
drafting a warrant to legalize the installation of the software on computers
accessing the websites (the NIT warrant). (See Addendum 50-56, sections of NIT
Warrant) The government lawyers drafted and included a "Request for Delayed
Notice" which was designed to allow an exception to the Rule 41 notice
requirement. The investigating officer in the case interpreted this provision to
mean that notice was not required to be made on a particular date to be set by the
Court, but rather notice was only required when the investigating officers
themselves determined the identification of the person accessing the website. The

Magistrate Judge authorized the officer executing the warrant to delayed notice, but only for 30 days. (Addendum 50-51) No further request for an extension for delayed notice was made to the Court.

Per the NIT, the quantity and nature of information the accessing computer was instructed to send back to the FBI was based entirely on how the NIT was configured, specifically how the flash application was configured. To determine how the NIT was configured, one normally looks to the original code of the software, commonly known as the "source code." Through the course of discovery, it was determined that the NIT's original source code was destroyed and unavailable for scrutiny. (Addendum 20)

Application of the NIT

On November 19, 2012 the NIT deployed to an "accessing" computer and the FBI collected, along with other information, a particular IP address. The following day, an administrative subpoena was served on the IP's Internet Service Provider (ISP) for information on that particular IP address. Time Warner Cable/ Road Runner (the ISP) responded to the subpoena and identified the Appellant and his address in Rochester, New York as the IP's assigned subscriber. On March 20, 2013, a federal grand jury in the District of Nebraska returned an indictment naming, "Joe Doe" with the particular IP address as accessing on November 19,

10

2012. On April 9, 2012, the FBI made an application for a residential search warrant on Defendant's house in Rochester, New York. On the same day, Defendant's residence was searched, his computer equipment was seized, and he was arrested. His residence was not the only home searched that day. The Federal Bureau of Investigation (FBI) coordinated with government lawyers and law enforcement to search and arrest suspected recipients of computer child pornography. Synchronizing the searches was designed to surprise as well as to mitigate communication between would be co-defendants and ultimately to preserve evidence.

Indictment

Appellant and the co-defendants (dockets 8:CR13-106, 8:CR13-107 & 8:CR13-108) from around the county, were indicted in United States District Court for the District of Nebraska. Appellant's superseding indictment filed in case number 8:13CR108, charged that on November 19, 2012, Appellant received and attempted to receive child pornography in violation of title 18 U.S.C. §2252A(a)(2) (Count 1) and, by the same conduct on November 19, 2012, he knowingly accessed with intent to view child pornography in violation of Title 18 U.S.C. 2252 A(a)(5). Appellant received pretrial release and was monitored in his home town of Rochester, New York.

Appellate Case: 16-1050    Page: 11    Date Filed: 03/24/2016 Entry ID: 4381619

Motion to Suppress

Appellant moved to suppress the fruit of the NIT search warrant based on a violation of Federal Rule of Criminal Procedure 41(f)(1)(C) in his Motion to Suppress the Evidence Resulting from the Search of "Activating" Computer and Application of *Wong Sun* Doctrine. (See Defendant's Motion to Suppress and Brief in Support, 8:13CR108, Filing Nos. 53 & 54). On April 17 and 18, 2014, a combined evidentiary hearing was held on Appellant's and co-defendants' similar Motions to Suppress. (See Transcript of Motion to Suppress Proceedings, April 17 and 18, 2014). FBI Special Agent Jeffrey Tarpinian testified. He testified that he provided the Court with the NIT affidavit and warrant (See Id. 29 &32 referencing April 17, 2014 Hearing Exhibit 3, titled "NIT Search Warrant, Affidavit and Return, 12mj359, 13CR108," see also a copy of sections of exhibit #3 In Addendum 50-56). The Application for a Search Warrant is dated November 17, 2012. (Addendum 50-51). Based on the search warrant application, U.S. Magistrate Judge F.A. Gossett signed the Search and Seizure Warrant which ordered delayed notice of not more than 30 days. Id. Agent Tarpinian stated that paragraph F. of the NIT search warrant was titled, "Request for Delayed Notice." He further stated that he provided the Court, in summary, that, "...the government would give notice within a reasonable period, not to exceed 30 days, after the date of its execution or on a later date certain if the facts of the case justified a longer

12

period of delay." (See Id. April 17, 2014 Hearing Transcript, 41: 6-19). Special Agent Tarpinian agreed that the "30 days ran from a date that was uncertain in the – in the affidavit that you – you used to support the search warrant and it would only be determined in the future when law enforcement decided it had sufficient information to identify a person." (See Id. 103; 3-9). When counsel for Appellant inquired about the law enforcement efforts to "find the perpetrator who actually used the accessing computer," the Court sustained the government's relevancy objections, despite counsel's reference to the issue of "intentional and reckless disregard of the statute." (See Id. 114: 25 &115: 1-7).

Special Agent Tarpinian testified that the portion of the NIT warrant which related to the delayed notice feature, under the previously referenced paragraph F., was not drafted by him, but rather the delayed notice feature was drafted by a government attorney. (See Id. 116:16-25 & 117:108).

On July 28, 2014, U.S. Magistrate Thomas Thalken's Findings and Recommendations recommended that the Motion to Suppress be denied. (Addendum 1) On August 13, 2014, Appellant filed his Statement of Objections to Magistrate Judge's Findings and Recommendations. (See Statement of Objections to Magistrate Judge's Findings and Recommendations, Filing No. 151, 8:13CR108). Appellant's counsel argued that the investigating agents failed to

disclose the warrant within the statutory time frame and that the government's actions amounted to a reckless disregard of proper procedure. Id.

On October 14, 2014, the Court accepted the Magistrate Judge's Findings and Recommendations and denied Defendant's Motion to Suppress. (Addendum 9). Appellant preserved his right to appeal this ruling in the conditional plea agreement. (See Plea Agreements, Filing 244 in 8:CR13108 & Filing 6 in 8:CR15239).

U.S. Magistrate Judge Thalken found that, "The warrants were executed in good faith based upon the request for notice delay believed to be approved by the court." (Addendum 7). Appellant's Statement of Objections to Magistrate Judge's Findings and Recommendations articulated that "(c) the conduct of the law enforcement was intentional and part of a pattern affecting each party defendant necessitation suppression, *U.S. v. Freeman*, 897 F.2d 346 (8th Cir. 1990)," and further argued that, "(d) the conduct of law enforcement with respect to notice was directed by attorney(s) from the Department of Justice and, therefore good faith under *Leon* pertaining to conduct by law enforcement is not an issue…." (See Statement of Objections to Magistrate Judge's Findings and Recommendations, 8:CR13108, Filing No. 151, 3)

Appellate Case: 16-1050     Page: 14     Date Filed: 03/24/2016 Entry ID: 4381619

This Court ruled in <u>United States v. Joshua Welch</u>, No. 15-1993, that the NIT Warrant notice to defendant Welch failed to comport with Rule 41. Under that similar factual scenario, this Court found that, "Rule 41 applies to the NIT warrant," and that per 18 U.S.C. §3103a(b)(3), notice was to be provided within 30 days of the execution of the warrant. And had the government needed additional time to provide notice, then the government could have filed for extensions of time under 18 U.S.C. §3103a(c). This Court found that the delay in providing notice was not a reckless disregard of proper procedure, but rather, "…(I)t appears the officers' delay was a good faith application of the warrant rather than a deliberate violation of Rule 41. This conclusion is corroborated by the agent that swore out the affidavit and applied for the NIT warrant, who testified that the 'delayed notice period was to begin when the government identified the true name user of an individual that accessed one of these three websites.' "

<u>Second Indictment</u>

During the pendency of the prosecution of the case 8:13CR108, Appellant was also federally indicted in New York. On July 31, 2015, that case was transferred to the District of Nebraska, and Appellant was indicted in the United States District Court for the District of Nebraska in case number 8:15CR239 on charges of receipt of child pornography (Count 1), in violation of 18 U.S.C.

15

§2252A(a)(2)(A) and (b)(1), and with accessing a computer in interstate commerce with the intent to view child pornography (Counts II-IV), with offense dates of on or about February 1, 2013, and on or about April 9, 2013.

Motion in Limine / *Daubert* Challenge

In addition to the Motion to Suppress, Appellant also challenged whether the NIT met the *Daubert* standard in Appellant's Motion in Limine. On August 3, 2015, an evidentiary hearing was held on Appellant's Motion in Limine to exclude the results of the NIT based on a *Daubert* challenge (See Transcript of Proceedings on August 3, 2015). Following said hearing, District Court Judge Batallion denied the Motion in Limine /*Daubert* challenge on both dockets, 8:13CR108 and 8:15CR239. (Addendum 19).

In the Motion in Limine / *Daubert* Challenge, Appellant moved to exclude the results of the NIT and moved the District Court to find that because the source code was destroyed, that it's functionality and reliability could not meet the *Daubert* standard. An evidentiary hearing was held on the Motion in Limine on August 3, 2015, wherein FBI Special Agent Smith offered contradictory testimony to Agent Tarpinian's April 17, 2014 testimony. At the hearing on April 17, 2014, Special Agent Tarpinian testified, in relation to the code used to program the NIT, that he did not write the code, and that, "It's commercially available code. The

16

FBI did not write the code either. It's commercially available and it was not altered by the FBI at all." (See Transcript of April 17, 2014 Hearing, 195: 18-21). In contrast, Special Agent Smith testified that the FBI did in fact alter the source code, specifically the flash application. He stated, " …I was involved in the actual development of the  -- or the configuration of that Flash application and there was no extra functionality added when we compiled it." (See Transcript of August 3, 2015 Hearing, 46: 18-20). The overall testimony of August 3, 2015 shows that Agent Tarpinian' s earlier testimony was incorrect or at least contradictory. NIT source code was altered by the FBI and that the altered code used was not simply a "commercially available code."   On December 22, 2015, the District Court issued a written Memorandum and Order. The District Court found, "no evidence of anything other than an inadvertent failure to preserve the source code." (Addendum 34). And despite the lost source code, the Court concluded that the NIT was reliable and trustworthy and met the *Daubert* standard and denied Appellant's Motion in Limine.

Conditional Guilty Pleas

On August 3, 2015, immediately following the evidentiary hearing, Appellant submitted his Petition to Enter a Plea of Guilty and Plea Agreement under each docket. Pursuant to the Plea Agreement, Appellant entered a

Appellate Case: 16-1050     Page: 17     Date Filed: 03/24/2016 Entry ID: 4381619

conditional plea of guilty to Count II of the Second Superseding Indictment in case 8:13CR108, (Access with the Intent to View Child Pornography) in violation of 18, U.S.C., § 2252A(a)(5)(B). (See Plea Agreement, 8:13CR108, Filing No. 224) Appellant entered a similar conditional plea agreement in 8:15CR239 and pleaded guilty to Count II of the Indictment (Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and 2252A(b)(1). (See Plea Agreement, 8:15CR239, Filing No. 6). The Court accepted the conditional plea agreements, found Appellant guilty and sentencing was held December 22, 2015. (See Addendum 36 & 43). The conditional plea agreements afford Appellant the right to appeal the issues raised in this appeal. (See Plea Agreements, (I)(B)(3)).

Sentencing

The District Court sentenced Appellant to serve a term of seventy-two (72) months in the custody of the United States Bureau of Prisons on each docket, and ordered the sentences to be served concurrently. (Addendum 36 and 43)

Appeal

On December 23, 2015, Appellant filed his Notice to Appeal to the United States Court of Appeals on both dockets. Appellant challenges the District Court's denial of his Motion to Suppress and his Motion in Limine / *Daubert* challenge.

18

# SUMMARY OF THE ARGUMENT

Appellant respectfully submits that the District Court abused its discretion in its rulings on the Appellant's Motion to Suppress and Motion in Limine / *Daubert* Challenge. Appellant submits that the government failed to abide by and honor the warrant notice procedures of Federal Rule of Criminal Procedure 41(f). Appellant disagrees that this failure should be excused as a good faith error on the part of the officers. For the true cause of the delay in notice was an intentional and deliberate disregard for the law by the government lawyers who drafted the Delayed Notice Requirement section of the NIT Warrant. As part of this argument, Appellant argues that the Court abused its discretion by not allowing counsel to further cross examine Agent Tarpinian to learn more about the government's reckless indifference to the notice requirement.

Appellant further argues that the District Court abused its discretion in denying Appellant's Motion in Limine / *Daubert* Challenge. Because the original source code was destroyed and because the expert witnesses could not be completely certain that the compiled code was completely accurate, a true replication of the NIT could not be tested. Appellant argues the code which was tested, was not the source code, and is not trustworthy.

Appellate Case: 16-1050     Page: 19     Date Filed: 03/24/2016 Entry ID: 4381619

Accordingly, the District Court's rulings on the Motion to Suppress and Motion in Limine / *Daubert* Challenge should be overruled and the motions sustained in favor of the Appellant. Appellant moves this Court to overrule the District Court on each of the two issues in each case, vacate the convictions, and remand the cases for trial.

## STANDARD OF REVIEW

Evidentiary motions and motions in limine are subject to an abuse of discretion standard of review.  United States v. Florez, 368 F.3d 1042, 1044 (8th Cir. 2004); United States v. Carr, 67 F.3d 171, 175 (8th Cir. 1995).

## ARGUMENT

**I.   WHETHER THE GOVERNMENT DELIBERATELY AND INTENTIONALLY DISREGARDED THE PROPER PROCEDURES OF FEDERAL RULE OF CRIMINAL PROCEDURE 41(F) AND THEREBY VIOLATED APPELLANT'S RIGHTS UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION**.

The government violated the law and suppression is the appropriate remedy. Appellant argues that the officers' good faith warrant application and interpretation

20

analysis is inappropriate when the legal error was conceived and born by government lawyers. The taint began not with the officer's interpretation and application of the warrant. The government attorney's foul legal work amounted to an intentional and deliberate disregard for the procedures established in Federal Rule of Criminal Procedure 41(f) and 18 U.S.C.§3103a. Paragraph F., "Request for Delayed Notice" circumvents the law and seeks to allow notice, not within a 30-day time frame, but rather at the discretion of the investigating officers. This legal maneuver strips the legal authority from the Court and places it subjectively in the hands of the investigating officers. While the officers may have relied on the language in good faith, the language itself was illegal, specifically in contradiction to Rule 41(f) and against 18 U.S.C.§3103a. Appellant argues that the government should not be allowed to rely on good faith when the government attorneys themselves intentionally and deliberately submitted a search warrant in violation of well-established law and procedure.

Federal Rule of Criminal Procedure 41(f)(1)(C) requires that the officer executing a warrant, "give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken or leave a copy of the warrant and receipt at the place where the officer took the property." This notice requirement can be delayed for thirty days or more if the officers move the Court for an extension. Federal Rule of Criminal Procedure

Appellate Case: 16-1050     Page: 21     Date Filed: 03/24/2016 Entry ID: 4381619

41(f)(3) allows for a judge to delay the notice requirement if, "the delay is authorized by statute." Title 18 U.S.C. § 3103a(b) provides that statutory authorization and allows for a delayed notice of the warrant if:

**(1)** the court finds reasonable cause to believe that providing immediate notification of the execution of the warrant may have an adverse result…;

**(2)** the warrant prohibits the seizure of any tangible property, any wire or electronic communication … , or,… any stored wire or electronic information, except where the court finds reasonable necessity for the seizure; and

**(3)** the warrant provides for the giving of such notice within a reasonable period not to exceed 30 days after the date of its execution, or on a later date certain if the facts of the case justify a longer period of delay.

The above term, "Adverse Result" finds meaning under 18 U.S.C. §2705(a)(2), *inter alia*, and lists a number of scenarios which the government sought to avoid in the case at bar, including, "flight from prosecution," "destruction of or tampering with evidence," and "jeopardizing an investigation." Title 18 U.S.C. § 3103a(c) provides for "Extensions of Delay" and reads, "Any period of delay authorized by this section may be extended by the court for good cause shown, subject to the condition that extensions should only be granted upon an updated showing of the

Appellate Case: 16-1050     Page: 22     Date Filed: 03/24/2016 Entry ID: 4381619

need for further delay and that each additional delay should be limited to periods of 90 days or less, unless the facts of the case justify a longer period of delay."

The FBI used the results of the NIT warrant to obtain an administrative subpoena to obtain the IP address assigned to Appellant's residence. Appellant respectfully submits that he was identified in December 2012, but it was not until April 2013 that his residence was physically searched. Notice of the NIT warrant was not presented to Appellant until after the April 2013 search. This delay was about 4 months late.

Appellant respectfully moves this Court to follow, in-part, its own analysis in United States v. Joshua Welch, and find that per 18 U.S.C. § 3103a(b)(3), that the thirty-day extension of the notice requirement began on the date of the execution of the warrant, and notice was to be provided within thirty days therefrom. Appellant argues that the notice he was provided fell well outside the 30-day extension and thus the notice was insufficient. Reviewing the warrant itself, notice was to be provided within 30 days of November 17, 2014. (Addendum 50-51) The provisions in Title 18 U.S.C. § 3103a(c) would have allowed for further extensions, but the government never made those extension requests. Therefore, Appellant moves the Court to make the finding that the notice given to Appellant, "failed to comport with Rule 41." (*Quoting* United States v. Joshua Welch)

Appellate Case: 16-1050    Page: 23    Date Filed: 03/24/2016 Entry ID: 4381619

Should the Court adopt its own reasoning from <u>United States v. Joshua Welch</u>, the next consideration in determining whether the procedural violation amounts to an unreasonable search and seizure under a Fourth Amendment analysis is whether the Appellant was prejudiced by the procedural violation or whether the investigators recklessly disregarded proper procedure.  <u>See</u> <u>United States v. Freeman</u>, 897 F.2d 346, 348-49 (8th Cir. 1990); <u>United States v. Bell</u>, 480 F.3d 860, 863 (8th Cir. 2007), <u>U.S. v. Spencer</u>, 439 F.3d 905, 913 (8th Cir. 2006) citing, <u>U.S. v. Schoenheit</u>, 856 F.2d 74, 76 (8th Cir. 1988); <u>U.S. v. Brown</u>, 584 F.2d 252, 258 (8th Cir. 1978); <u>U.S. v. Bieri</u>, 21 F.3d 811, 816 (8th Cir. 1994).

Reviewing the statements made by Special Agent Tarpinian at the April 17, 2014 hearing on the combined Motion to Suppress hearing, the Special Agent makes clear that the portion of the "Request for Delayed Notice" was authored by government lawyers. (See Transcript of Motion to Suppress Proceedings, April 17 and 18, 2014, 116:16-25 & 117:108).  The government lawyers' request to delay notice until 30 days after an individual had been identified, is not permitted under 18 U.S.C. §3103a.  The established procedure is to move for an extension from the Court and *not* to unilaterally decide when notice would be required. The NIT Warrant's paragraphs 22-25 in Section F, "Request for Delayed Notice" are, in sum, an intentional and deliberate disregard of procedural requirements. The government lawyers knew the law and actually reference Rule 41(f) and 18 U.S.C.

24

§3103a in Section F. (Addendum 54 & 55). The government lawyers, as proven in the actual text, intentionally drafted Section F. to grant the officers a pass around the proper procedures.  The goal of Section F is to circumvent the 30-day notice requirement without additional extension requests. Government attorneys know the legal importance of providing notice within a reasonable time after the search and that "surreptitious searches" need to be closed "circumscribed."  <u>United States v. Villegas,</u> 899 F.2d. 1324 (1990), and <u>United States v. Freitas,</u> 610 F. Supp. 1560, 1571 (1985). It disregards the law and makes new rules for the officers in this specific case.  Section F. rewrites the law without legislative approval.  This is clearly an intentional and deliberate disregard of procedural requirements. Accordingly, the exclusionary rule applies. <u>See</u> <u>U.S. v. Freeman</u>, 897 F.2d 346 (8th Cir. 1990). A good faith exception to the exclusionary rule only exists if the reliance by the officers is on an *invalid* search warrant is objectively reasonable. <u>U.S. v. Schroeder</u>, 129 F.3d 439, 442 (8th Cir. 1997). Most cases involving good faith exceptions relate to investigating officers who have made reasonable errors and have not intentionally and deliberately disregarded procedural requirements. <u>See</u> <u>United States v. Leon</u>, 468 U.S. 897 (1984), <u>United States v. Burgard</u>, 551 F.2d 190 (8th Cir. 1977), <u>United States v. Comstock</u>, 805 F.2d 1194, 1210 (5th Cir. 1986).  However, in the case at bar it is not the officers who intentionally and deliberately disregarded the law.  The officers' failures to comply with the notice

25

requirement are the direct result of their reliance on the government attorney's intentional and deliberate actions. Pursuant to <u>U.S. v. Freeman</u>, the fruits of the NIT search warrant should be suppressed, the convictions vacated and Appellant's cases remanded for trial.

## II. **WHETHER THE NIT IS TRUSTWORTHY AND SATISFIES THE** *DAUBERT* **STANDARD**.

Appellant argues that the government witnesses provided contradictory evidence as to the nature of the NIT source code. Agent Tarpinian testified that the code was commercially available and not altered by the FBI. FBI Special Agent Smith testified that he was involved in the configuration of the NIT's flash application. The flash application was configured to return certain information to the FBI. While the District Court was concerned that there were not proper procedures in place to preserve the source code, the Court ultimately abused its discretion in finding that the failure to preserve evidence was innocuous. It seems that there was somewhat contradictory testimony adduced, the effect of which undermines the conclusion of the testifying experts, and lends for the need to vacate the ruling on the Motion in Limine / *Daubert* Challenge.

The NIT was based on a commercial flash application and that application had to be configured to conform with the tasks outlined in the warrant. Depending

26

on how the flash application was configured, more or less information would be sent from the accessing computer once the NIT deployed. The question raised at the Motion in Limine / *Daubert* Challenge was whether the source code of the configured flash application was necessary to test whether the NIT met the *Daubert* standard. Defendant's experts found that the NIT technique was repeatable and reliable. (Addendum 25) However, Appellant's expert testified, as summarized in by the District Court, "… they were not able to fully repeat what had happened because they did not have the original source code." (Addendum 29) The defense expert could not "definitively verify that there was no additional functionality." (Id.) He stated that he would be, " 'more certain' of (their) analysis of they had been given the source code." (Id.)

Appellant argues that the destruction of the source code amounted to spoliation of evidence. As the District Court directs, "In a case involving the alleged spoliation of evidence, 'a district court is required to make two findings before an adverse inference instruction is warranted: (1) 'there must be a finding of intentional destruction indicating a desire to suppress the truth,' and (2) '[t]here must be a finding of prejudice to the opposing party.' Hallmark Cards, Inc. v. Murley, 703 F.3d 456, 460 (8th Cir. 2013) (quoting Stevenson v. Union Pacific R.R. Co., 354 F.3d 739, 746, 748 (8th Cir. 2004))." Appellant argues that the burden of proving an, "intentional destruction indicating a desire to suppress the

Appellate Case: 16-1050    Page: 27    Date Filed: 03/24/2016 Entry ID: 4381619

truth," is an impossible burden to place on the Appellant. Appellant moves this Court to consider the previously referenced inconsistent statements of Agent Tarpinian and Agent Smith. This inconsistency suggests that Agent Tarpinian was told that the NIT was not modified. It is understood that he has little technical background. However, the miscommunication raises suspicion in the Appellant. When coupled with the disclosure that the government attorneys drafted the "Request for Delayed Notice," the Appellant cannot help but argue that the government sought to circumvent the established procedures. Appellant argues that the destruction of the source code should be interpreted by this Court as another intentional violation, this one being a violation of established evidence collection and preservation procedures. The government cannot adequately explain the destruction of the evidence. Appellant submits that intending to disregard evidence preservation procedures should be equated as an intention to destroy evidence. The government should have considered the natural consequences of failing to preserve evidence. The spoliation of evidence not only denied Appellant his Constitutional Right to Confrontation but deprived him of the right to fully challenge the evidence under *Daubert*. Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1983) and Kumbo Tire Co., v. Carmichael, 526 U.S. 137, 147 (1999). Per Lauzon v. Senco Prods., Inc., an expert can only testify on proposed evidence if is evidence is reliable or trustworthy. Lauzon v. Senco

Appellate Case: 16-1050    Page: 28    Date Filed: 03/24/2016 Entry ID: 4381619

Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001). Appellant argues that the NIT technique is not trustworthy. The District Court abused its discretion and failed to act as a gatekeeper when it denied the Motion in Limine / *Daubert* Challenge. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999); Daubert v. Merrell Dow Pharms., 509 U.S. 579, 589 (1993); United States v. Wintermute, 443 F.3d 993, 1000 (8th Cir. 2006).

## CONCLUSION

Appellant brings this matter before the Court pursuant his conditional Plea Agreements. He respectfully argues that the District Court abused its discretion and failed to grant his Motion to Suppress and Motion in Limine / *Daubert* Challenge. Appellant prays this Court reference its legal analysis in United States v. Joshua Welch, No.15-1993, and find that the government violated the notice requirement. And Appellant moves the Court to scrutinize the fact that government lawyers drafted the NIT warrant's "Request for Delayed Notice." Their efforts to circumvent established legal procedures and usurp the authority of the Court, amount to an intentional and deliberate procedural violation which fully negates a good faith exception analysis. Accordingly, Appellant's Fourth Amendment Constitutional Rights were violated and suppression and exclusion of the fruits of the NIT warrant is the appropriate remedy. Appellant further argues that the NIT

29

technique is not trustworthy.  Admittedly, the Appellant failed to prove any intentional destruction of the source code evidence.  However, such a burden is impossible if the government fails to follow established evidence collection procedures.

In sum, Appellant moves this Court to overrule the District Court's orders denying Appellant's Motion to Suppress and Motion in Limine / *Daubert* Challenge, vacate the convictions and judgments, and remand these cases to the United States District Court for the District of Nebraska for trial.


Respectfully submitted this 18th day of March, 2016.


KIRK COTTOM, Appellant.

By:     *s/Joseph Leo Howard*
       Joseph Leo Howard, #22743
       DORNAN, LUSTGARTEN & TROIA, PC, LLO
       1403 Farnam Street, Suite 232
       Omaha, NE 68102
       (402) 884-7044
       JHoward@DLTLawyers.com
       *Attorney for Appellant*

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 7,037 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in fourteen-point Times New Roman font.

3. This brief has been scanned by using Trend MicroOffice scan software program, which reported no viruses were found.

DATED this 18th day of March, 2016.

By:    *s/Joseph L. Howard*
Joseph Leo Howard, #22743
DORNAN, LUSTGARTEN & TROIA, PC, LLO
1403 Farnam Street, Suite 232
Omaha, NE 68102
(402) 884-7044
JHoward@DLTLawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2016, I electronically filed the Brief with the Clerk of the Clerk for the United States Court of Appeals for the Eight Circuit by using the CM/ECF system which sent notification of such filing to the following:
Michael P. Norris, Assistant United States Attorney
Keith Becker, Assistant United States Attorney

By:    *s/Joseph L. Howard*
Joseph Leo Howard, #22743
DORNAN, LUSTGARTEN & TROIA, PC, LLO
1403 Farnam Street, Suite 232
Omaha, NE 68102
(402) 884-7044
JHoward@DLTLawyers.com
*Attorney for Appellant*

31